IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARKEDRIC TURNER, KENDRICK NORWOOD, and CLIFTON PITTS, | |
| Plaintiffs, | Civil Action No.: |
| on behalf of themselves and others similarly situated, | JURY TRIAL DEMANDED |
| v. | |
| METRO WATERPROOFING, INC., | |
| Defendant. | |

COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

COME NOW the Plaintiffs, Markedric Turner, Kendrick Norwood, and Clifton Pitts ("Plaintiffs"), by and through their undersigned counsel, on behalf of themselves and all other similarly situated employees of Defendant Metro Waterproofing, Inc. ("Metro"), and allege the following Complaint pursuant to 29 U.S.C. §201, et seq., the Fair Labor Standards Act ("FLSA"). The classification of this case is 710, Fair Labor Standards Act.

INTRODUCTION

Plaintiffs were employed by Defendant during the last three years as laborers, caulkers, and drivers working to waterproof the roofs of buildings. The

Defendant classified Plaintiffs as non-exempt employees, subject to the wage and overtime protections of the Fair Labor Standards Act ("FLSA"). Plaintiffs were required to report to work in the morning, wait for an assignment, load materials necessary to perform their jobs onto a truck, and travel to their work locations and return, all without being properly credited for that time worked. As a result, Plaintiffs worked in excess of 40 hours each week, without being appropriately compensated for that excess time at a rate of one and one-half their hourly rates of pay.

## PARTIES

1. Plaintiffs were employed by Metro from the period beginning in at least March of 2013.

2. Plaintiffs were employees of Metro as defined by § 203(e)(1) of the Fair Labor Standards Act.

3. Defendant Metro is a waterproofing and commercial restoration maintenance and repair services company. The headquarters of the company is located in Scottdale, DeKalb County, Georgia. Defendant may be served with process in this action by serving its registered agent, Kenneth W. Strickland, at Defendant's principal office address, 2935 Alcove Drive, Scottdale, Georgia, 30079-1136.

4. At all times relevant to this action, Metro was an enterprise engaged in commerce as defined by §203(s)(1) of the FLSA.

5. At all times relevant to this action, Metro was an employer as defined by §203(d) of the FLSA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as a federal question, arising under the laws of the United States.

7. Defendant is subject to the jurisdiction of this District as it regularly transacts business in the State of Georgia and has its principal place of business in this District.

## RELEVANT FACTS

8. The Defendant classifies laborers, caulkers and drivers as non-exempt, hourly employees, subject to the wage and overtime protections of the FLSA.

9. In this action, Plaintiffs seek to recover unpaid overtime compensation and such other benefits of employment to which they are entitled under the FLSA. In the period of at least three years prior to filing this Complaint, Metro improperly required Plaintiffs and similarly situated employees to work in excess of 40 hours per week without compensation, by requiring them to report to work in the morning, wait for assignments, load work materials onto trucks, and travel to work

locations and return, but only credited them and paid them for time worked after they arrived at their work location. Metro has also required them to return from their work locations to Metro's office without proper compensation.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

10. Plaintiffs reincorporate the foregoing paragraphs 1 through 9 as if fully set forth herein.

11. The provisions set forth in §§206 and 207 of the FLSA apply to Metro, and to Plaintiffs and all similarly situated employees who were covered by the FLSA while they were employed by Metro.

12. Plaintiffs and other similarly situated employees were not exempt and were entitled to be paid overtime for all hours in excess of 40 that they worked in any week.

13. Metro has failed and refused to pay Plaintiffs and other similarly situated employees according the provisions of the FLSA.

14. Metro's practices and the duties required of Plaintiffs while employed at Metro have existed for at least three years prior to the filing of this Complaint.

15. At all times relevant to this action, Defendant Metro has been aware of the requirements of the FLSA and its regulations.

16. Despite Defendant's knowledge of the requirements of the FLSA and its regulations, Metro has failed and refused to pay its employees in accordance with the FLSA.

17. There are numerous other similarly situated employees and former employees of Metro who have been improperly compensated in violation of the FLSA by being required to report to work, wait for assignment, load trucks, and travel to and from their work site without compensation, and who would benefit from the issuance of Court-supervised notice of the present lawsuit and the opportunity to join this lawsuit. Those similarly situated employees and former employees are readily known, identifiable and locatable by Metro.

18. All laborers, caulkers and drivers identified as non-exempt hourly employees or who otherwise regularly reported to work, waited for assignments, loaded trucks and traveled to and from their work sites without proper compensation would benefit from Court-supervised notice and the opportunity to join this lawsuit and should be so notified.

19. Defendant Metro has engaged in a widespread pattern and practice of violating the FLSA by requiring Plaintiffs and others similarly situated to work more than 40 hours per week while not compensating them at the rate of one and one-half times their normal hourly rate for that work.

20. As a direct and proximate result of Metro's violation of the FLSA, Plaintiffs, as well as others similarly situated, have suffered damages by failing to receive compensation due and owing to them pursuant to §207 of the FLSA.

21. Defendant Metro's actions in failing to compensate Plaintiffs and others similarly situated, in violation of the FLSA, were willful and intentional.

22. As a result of Metro's willful action, in addition to the amount of unpaid wages and benefits due and owing to Plaintiffs and others similarly situated, Plaintiffs are also entitled to recover an equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), in addition to prejudgment interest on those damages.

23. Defendant Metro has not made a good faith effort to comply with the FLSA.

24. Plaintiffs and others similarly situated are entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

## JURY DEMAND

25. Plaintiffs request that all issues in this action be tried by a jury.

WHEREFORE, Plaintiffs and other similarly situated persons, pursuant to §216(b) of the FLSA respectfully request that this Court:

A. Issue an order at the soonest possible time to all of Metro's employees employed as laborers, caulkers, and drivers during the three years immediately preceding the filing of this suit, and to all other potential Plaintiffs who may be similarly situated, informing them that this action has been filed, the nature of the action, and their right to opt into this claim if they were required to report to work, wait, and travel to their work locations before being paid, and required to return from their work site to Metro's office without proper compensation, and therefore were not compensated for working such hours in excess of 40 in any week at an overtime rate, pursuant to 29 U.S.C. §216(b);

B. Award all such Plaintiffs damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), plus prejudgment interest;

C. Award Plaintiffs all costs and expenses of this litigation, including attorneys' fees;

D. Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

Respectfully submitted,

Dated: March 7, 2016        /s/ David J. Worley
                            David J. Worley (Ga. Bar No. 776665)
                            James M. Evangelista (Ga. Bar No. 707807)

Madeline E. McNeeley (Ga. Bar No. 460652)
HARRIS PENN LOWRY, LLP
400 Colony Square
1201 Peachtree Street, NE
Suite 900
Atlanta, Georgia 30361
(404)961-7650
david@hpllegal.com
jim@hpllegal.com
molly@hpllegal.com

R. Alan Cleveland (Ga. Bar No. 170111)
ADAMSON & CLEVELAND, LLC
4295 International Blvd., Suite D
Norcross, Georgia  30093
(404) 581-9100
Alan@AdamsonCleveland.com

*Counsel for Plaintiffs*