IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARCKEDRIC TURNER, KENDRICK
NORWOOD, CLIFTON PITTS,
LATHARIO JACKSON, and REGGIE
PERKINS,

    Plaintiffs,

v.

METRO WATERPROOFING, INC.,

    Defendant.

1:16-CV-00728-ELR

# ORDER

This matter is before the Court on the Parties' Joint Motion for Settlement Approval. [Doc. 78]. Significantly, Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted in 1938 for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2162 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav.

Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

In this Circuit, courts have acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. To that end, the Court notes that Plaintiffs are represented by counsel in the present action.

After reviewing the Parties' Joint Motion for Settlement Approval, the Court finds there is a bona fide dispute regarding claims arising under the FLSA, and the

2

Settlement Agreement submitted by the Parties is a fair and reasonable resolution to this action. Although Defendant denies Plaintiffs' allegations of wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute.

Accordingly, the Court **GRANTS** the Parties' Joint Motion for Settlement Approval [Doc. 78]; **APPROVES** the Settlement Agreement; and **DISMISSES WITH PREJUDICE** this action. The Court retains jurisdiction as necessary to enforce the Settlement Agreement. The Court **DIRECTS** the Clerk to **CLOSE** this case.

**SO ORDERED**, this 20th day of July, 2017.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia